Leonard M. Shulman - Bar No. 126349
Melissa Davis Lowe - Bar No. 245521
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:        LShulman@shbllp.com
              MLowe@shbllp.com

Attorneys for Plaintiff Karl T. Anderson,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:18-bk-16732-SY |
| **WILLY CAIPO,** | Chapter 7 |
| Debtor. | Adv. No. |
| **KARL T. ANDERSON, solely in his capacity as the Chapter 7 trustee for the bankruptcy estate of Willy Caipo,** | **COMPLAINT TO:** |
| Plaintiff, | **(1) AVOID AND RECOVER INTENTIONAL FRAUDULENT TRANSFER;** |
| vs. | **(2) AVOID AND RECOVER CONSTRUCTIVE FRAUDULENT TRANSFER;** |
| **ELSA ESPEJO-ELIAS, an individual, and LILIANA RAYGADA, an individual,** | **(3) DISALLOW CLAIMS;** |
| Defendants. | **(4) DECLARATORY RELIEF; AND** |
| | **(5) UNJUST ENRICHMENT** |
| | **Status Conference**<br>Date:    To be set<br>Time:    To be set<br>Place:   Courtroom 302<br>         3420 Twelfth Street<br>         Riverside, CA 92501 |

Karl T. Anderson, the duly appointed, qualified and acting Chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Willy Caipo ("Debtor"), alleges as follows:

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5528-000\1275868.1

1

## I. STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as Trustee for the Debtor's Estate, has standing to bring this action under 11 U.S.C. §§ 323, 544, 548, and 550.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This adversary proceeding arises and is related to the Debtor's bankruptcy case, which was commenced through the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code by the Debtor on August 9, 2018 ("Petition Date") in the Central District of California, Riverside Division.

5. Venue is proper in this District pursuant to 28 U.S.C. §1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $19,250.00.

6. This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (H).

7. To the extent that the Plaintiff asserts claims under 11 U.S.C. §544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. §502 or are not allowable under 11 U.S.C. §502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## II. PARTIES

8. Plaintiff is the duly appointed, qualified, and acting Chapter 7 trustee for Debtor's Estate.

9. Plaintiff is informed and believes and thereon alleges that defendant Elsa Espejo-Elias ("Elsa") is and was at all relevant times herein, an individual residing in the County of Riverside, State of California. Plaintiff is informed and believes and thereon alleges that Elsa is the Debtor's mother.

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5528-000\1275868.1    2

10. Plaintiff is informed and believes and thereon alleges that defendant Liliana Raygada ("Liliana" and collectively with Elsa, the "Defendants") is and was at all relevant times herein, an individual residing in the County of Riverside, State of California.

### III. GENERAL ALLEGATIONS

11. On August 9, 2018, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

12. Karl T. Anderson is the duly appointed, qualified and acting Chapter 7 trustee in the Debtor's bankruptcy case.

13. The Trustee is informed and believes and thereon alleges that the Debtor owned the real property located at 2081 S. Bobolink Lane, Palm Springs, CA 92264 ("Property") since at least 2009.

14. The Trustee is informed and believes and thereon alleges that pursuant to a Grant Deed recorded on July 28, 2015 in the San Bernardino County Recorder's Office as Document No. 2015-0333505 ("2015 Grant Deed"), the Debtor transferred his interest in the Property to the Defendants ("Transfer"). A true and correct copy of the 2015 Grant Deed is attached hereto as Exhibit "1." The Grant Deed states that no transfer tax was paid on the Transfer.

15. The Trustee is informed and believes and thereon alleges that pursuant to a Grant Deed recorded on February 2, 2016 in the Riverside County Recorder's Office as Document No. 2016-0044790 ("2016 Grant Deed"), Liliana transferred her interest in the Property to Elsa ("2016 Transfer"). A true and correct copy 2016 Grant Deed is attached hereto as Exhibit "2."

16. The Trustee is informed and believes and thereon alleges that at the time of the Transfer, the Debtor was unable to regularly pay his debts.

17. The Trustee is informed and believes and thereon alleges that after the Transfer, the Debtor remained liable on the mortgage against the Property until at least April 2017.

///
///
///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5528-000\1275868.1                    3

## IV. **FIRST CLAIM FOR RELIEF**

[Avoidance and Recovery of Intentional Fraudulent Transfer]

(11 U.S.C. §544, 548(a)(1)(A), 550, 551; California Civil Code § 3439 et. seq)

18. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 and incorporates them in this Paragraph by reference.

19. Plaintiff is informed and believes and based thereon alleges that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior the Petition Date.

20. Plaintiff is informed and believes and based thereon alleges that the Transfer was made either in anticipation of bankruptcy and/or to prevent the Debtor from paying his debts.

21. Plaintiff is informed and believes and based thereon alleges that the Transfer was made for the purpose of preventing a prospective bankruptcy trustee and/or creditors of the Debtor from obtaining the value of the Transfer.

22. Plaintiff is informed and believes and based thereon alleges that at the time of the Transfer, the Debtor owed various debts to his creditors.

23. Plaintiff is informed and believes and based thereon alleges that the Transfer was made with the actual intent to hinder, delay or defraud creditors, including Plaintiff.

24. The Trustee is informed and believes, and on that basis alleges, that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.04, 3439.07, 3439.09.

25. Plaintiff may recover, for the benefit of the Estate, the Transfer and the 2016 Transfer, or the value of the Transfer, from Defendants, as well the immediate and subsequent transferees of the Transfer pursuant to 11 U.S.C. §§550, 551.

## V. **SECOND CLAIM FOR RELIEF**

[Avoidance and Recovery of Constructive Fraudulent Transfer]

(11 U.S.C. §§544, 548(a)(1)(B), 550, 551 and California Civil Code § 3439 et. seq)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 and incorporates them in this Paragraph by reference.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5528-000\1275868.1    4

27. Plaintiff is informed and believes and based thereon alleges that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior the Petition Date.

28. The Trustee is informed and believes that the Transfer from Debtor to Defendants was made: (i) for less than reasonably equivalent value to Debtor or any value, in exchange for said Transfer; (ii) while the Debtor was engaged or was about to be engaged in a business or a transaction for which the remaining assets were unreasonably small in relation to the business or the transaction; (iii) while Debtor intended to incur, or believed or reasonably should have believed he would incur, debts beyond her ability to pay them as they became due; and/or (iv) by the time that the Debtor was insolvent and/or was rendered insolvent by virtue of the Transfer.

29. The Trustee is informed and believes, and on that basis alleges, that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.05, 3439.07, 3439.09.

30. Plaintiff may recover, for the benefit of the Estate, the Transfer and the 2016 Transfer, or the value of the Transfer, from Defendants as the initial and subsequent transferee of the Transfer, or any additional subsequent transferee pursuant to 11 U.S.C. §§550, 551.

## VI. THIRD CLAIM FOR RELIEF

[Disallowance of Claims]

(11 U.S.C. § 502(d))

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 and incorporates them in this Paragraph by reference.

32. Plaintiff is informed and believes and based thereon alleges that the Defendants received avoidable transfers and Defendants are each a party from which such transfers are recoverable pursuant to 11 U.S.C. §§550, 551.

33. Defendants have not paid the amount or turned over any such property for which Defendants are liable pursuant to the Bankruptcy Code.

34. Pursuant to 11 U.S.C. §502(d), to the extent either of the Defendants files a claim, such claim should be disallowed.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5528-000\1275868.1                    5

## VII. FOURTH CLAIM FOR RELIEF

[Declaratory Relief]

35. Plaintiff hereby incorporates by reference paragraphs 1 through 30 and realleges these paragraphs as though set forth in full.

36. Plaintiff and Elsa herein have a dispute in which a declaration of their respective rights is necessary. Plaintiff is further informed and believes, and thereon alleges, that the said disputes are actual and continuing, and concerns the continuing assertion by Elsa that she is the owner of the Property, to the damage and prejudice of Plaintiff.

37. Plaintiff respectfully requests from this Court a declaration that the entirety of the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code as the Transfer can be avoided.

38. Plaintiff respectfully requests from this Court a declaration that Plaintiff, as Trustee of the Debtor's Estate, is entitled to possession of the Property.

## VIII. FIFTH CLAIM FOR RELIEF

[Unjust Enrichment]

(11 U.S.C. § 105)

39. Plaintiff hereby incorporates by reference paragraphs 1 through 30 and realleges these paragraphs as though set forth in full.

40. The Defendants received a benefit through the Transfer and Defendants' retention of the Transfer and/or the value of the Transfer results in unjust retention of said benefit at the Estate's expense.

WHEREFORE, Plaintiff prays that judgment be entered as follows:

1. For avoidance of the Transfer and the 2016 Transfer under 11 U.S.C. §544, 548 and/or Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.09;

2. That Judgment be entered against the Defendants for the recovery of the Property or the value of the Transfer;

3. That if Defendants fail or refuse to turn over the Property and/or the value of the Transfer to Plaintiff, any claim of Defendants shall be disallowed;

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5528-000\1275868.1                                  6

1     4.    Stating a declaration that Elsa has no right, title or interest in the Property, that the Property is property of the Estate and that the Trustee is entitled to possession of the Property;

5.    For an award of attorney's fees along with costs of suit incurred herein;

6.    For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN HODGES & BASTIAN LLP**

DATED: November 7, 2018    By:    /s/ Melissa Davis Lowe
Leonard M. Shulman
Melissa Davis Lowe
Attorneys for Plaintiff Karl T. Anderson, Chapter 7 Trustee

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5528-000\1275868.1

7

# EXHIBIT 1

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHERWISE SHOWN BELOW, MAIL TAX STATEMENT TO:

Name: Elsa Espejo-Elias
Liliana M Raygada
Street Address: 2081 Bob O'link Lane
City & State Zip: Palm Springs, CA 92264

Title Order No. n/a    Escrow No. n/a

**2015-0333505**
07/28/2015 09:59 AM Fee: $ 18.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder



| | | | | | R | A | Exam: 680 |
|---|---|---|---|---|---|---|---|
| Page | DA | PCOR | Misc | Long | RFD | 1st Pg | Adtl Pg | Cert | CC |
| 2 | | | | | | | | | |
| SIZE | NCOR | SMF | NCHG | T: | OTT-φ | | |

## Grant Deed

THE UNDERSIGNED GRANTOR (S) DECLARE (S)    APN: 681-192-023-2
DOCUMENTARY TRANSFER TAX IS $ 0.00
☐ unincorporated area    City of Palm Springs
☑ computed on full value of interest or property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at time of sale, and
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Willy M. Caipo, an unmarried man

hereby GRANT(S) to

Elsa Espejo-Elias, a widow and Liliana M. Raygada, an unmarried woman as joint tenants

the following described real property in the

County of Riverside    , state of California

See Exhibit "A" attached

Dated 7/27/2015

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Riverside
On July 27, 2015 _____ before me,
G. Campa
(here insert name and title of the officer)
, notary public, personally appeared Willy M. Caipo

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

Willy M. Caipo

G. CAMPA
Commission # 1962527
Notary Public - California
Riverside County
My Comm. Expires Dec 30, 2015

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE
Same as above
Name    Street Address    City, State & Zip

**EXHIBIT 1**

**LEGAL DESCRIPTION**

Real property in the City of Palm Springs, County of Riverside, State of California, described as follows:

LOT 111, PALM SPRINGS GOLF COURSE UNIT #3, IN THE CITY OF PALM SPRINGS, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 37, PAGE 41 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 681-192-023-2



```
2014-0434236
11/13/2014 09:03A
2 of 2
```

EXHIBIT 1

# EXHIBIT 2

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHERWISE SHOWN BELOW, MAIL TAX STATEMENT TO:

Name: Elsa Espejo-Elias
Street Address: 2081 Bob O'link Lane
City & State Zip: Palm Springs, CA 92264

Title Order No. n/a    Escrow No. n/a

2016-0044790
02/02/2016 02:30 PM Fee: $ 15.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Exam: 983

21.50

# Grant Deed

THE UNDERSIGNED GRANTOR (S) DECLARE (S)    APN: 681-192-023-2
DOCUMENTARY TRANSFER TAX IS $ 0.00

☑ unincorporated area    City of Palm Springs

☐ computed on full value of interest or property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at time of sale, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Elsa Espejo-Elias, a widow and Liliana M. Raygada, an unmarried woman, as joint tenants

hereby GRANT(S) to

Elsa Espejo-Elias, a widow

the following described real property in the

County of Riverside, state of California

LOT 111, PALM SPRINGS GOLF COURSE UNIT#3, IN THE CITY OF PALM SPRINGS, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 37, PAGE 41 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Dated 12/14/2015

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Riverside

On December 16, 2015 before me,
G. Campa
(here insert name and title of the officer)
, notary public, personally appeared Elsa Espejo-Elias, Liliana M. Raygada
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

_Elsa Espejo-Elias_

_Liliana M. Raygada_

G. CAMPA
Commission # 1962527
Notary Public - California
Riverside County
My Comm. Expires Dec 30, 2015

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE

Same as above
Name    Street Address    City, State & Zip

EXHIBIT 2

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>KARL T. ANDERSON, solely in his capacity as the Chapter 7 trustee for the bankruptcy estate of Willy Caipo | **DEFENDANTS**<br>ELSA ESPEJO-ELIAS, an individual, and LILIANA RAYGADA, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leonard M. Shulman – Bar No. 126349<br>Melissa Davis Lowe – Bar No. 245521<br>SHULMAN HODGES & BASTIAN LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to: 1) Avoid and Recover Intentional Fraudulent Transfer; 2) Avoid and Recover Constructive Fraudulent Transfer; 3) Disallow Claims; 4) Declaratory Relief and 5) Unjust Enrichment

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
[4] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint    Demand $

Other Relief Sought
Disallowance of Claims, Unjust Enrichment

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>WILLY CAIPO | BANKRUPTCY CASE NO.<br>6:18-bk-16732-SY | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>RIVERSIDE DIVISION | NAME OF JUDGE<br>HONORABLE SCOTT H. YUN | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Melissa Davis Lowe* | | | |
| DATE<br><br>November 7, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Melissa Davis Lowe | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.